**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Irina Beniaminov,<br><br>                    Plaintiff,<br>   -v-<br><br>Riva Hair Salon Inc., and<br>Isaak Rubinov,<br><br><br>                    Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Irina Beniaminov ("Plaintiff" or "Beniaminov"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendants Riva Hair Salon Inc., and Isaak Rubinov (collectively "Defendants") respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains that she was employed by Defendants and pursuant to the New York Labor Law ("NYLL") she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for and 1.5 times the New York State Minimum Wage Rate for each and all such hours over forty in a week, (ii) entitled to an extra hour of pay for each day she worked a spread of hours of more than ten (10) hours pursuant to New York Minimum Wage Act and the regulations thereunder including 12 NYCRR 142-2.4; and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142.

1

3. Plaintiff is also entitled to recover her unpaid overtime wages, spread of hours wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, 198, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Irina Beniaminov ("Plaintiff" or "Beniaminov") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Riva Hair Salon Inc. ("Defendant" or "RHSI") was a for-profit corporation.

9. Upon information and belief and at all times relevant herein, Defendant RHSI was owned/controlled/managed by Defendant Isaak Rubinov ("Rubinov") who was in charge of the operations and management of Defendant RHSI.

10. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's

2

employment, among other employment functions and performed such functions as to Plaintiff.

11. Upon information and belief, and at all times relevant herein, Defendants individually and/or jointly shared a principal place of business in Queens County, New York at 34-03 Francis Lewis Blvd, Flushing, NY 11358, where Plaintiff was employed.

12. Upon information and belief and at all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the hair styling and salon business.

14. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, employed over 25 employees at any given time.

15. Plaintiff was employed by Defendants, individually and/or jointly, from in or around March 2018 to on or about July 8, 2024.

16. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker receptionist performing a variety of functions, including handling deliveries through services such as FedEx, USPS, etc., cashiering including credit card processing, booking appointment, taking calls, cleaning, etc.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and her last regular hourly rate of pay was about $16.00 an hour – the 2024 New York City Minimum Wage rate.

18. Upon information and belief, and at all times relevant herein, and throughout the period Plaintiff was employed by Defendants, Plaintiff worked about 55-77 or more hours each week for Defendants, 11 hours a day, 5 to 7 days a week, with the exception of about 2-3 weeks each year.

3

19. At all times relevant herein, Defendants paid Plaintiff at her straight regular rate for about 10-30 overtime hours worked (weekly hours over 40 in a week), each week during her employment with Defendant and Plaintiff was not paid any wages for her remaining 5-7 overtime hours worked each week, with the exception of about 2-3 weeks each year.

20. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day each workday, 4 days a week in 2024 when she was paid at the NYC Minimum Wage Rate, during her employment with Defendants as set forth above but was not paid an additional hour of pay for each such day in violation of 12 NYCRR 142-2.4.

21. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

22. At all times relevant herein, Defendants, individually and/or jointly, failed to pay Plaintiff at a rate of at least 1.5 times her regular rate for each and all overtime hours (hours over 40 in a week) worked in each week during her employment with Defendant.

23. At all times relevant herein, Defendants, individually and/or jointly, failed to pay Plaintiff spread of hours wages for each day that Plaintiff worked more than 10 hours each day in 2024, in each week during her employment with Defendant.

24. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

4

25. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

26. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

27. At all times applicable herein, Defendants, individually and/or jointly, conducted business with vendors/entities/persons outside the State of New York.

28. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendants and Plaintiff's employment with Defendants.

29. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of equipment, and supplies.

30. At all times applicable herein and upon information and belief, Defendants as a regular part of their business, made payment of taxes and other monies to agencies and entities outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

32. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of

New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

34. The circumstances of Plaintiff's termination and other conditions of her employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 U.S.C 201 et Seq.

40. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

41. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

42. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

43. Plaintiff is entitled to recover from Defendants, individually and/or jointly, her unpaid overtime wages, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid OT + SOH Wages)

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

46. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay and 1.5 times the applicable New York State Minimum wage rate for each

46. and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

47. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours each day during her employment with Defendants as set forth above, but Defendants failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

### Relief Demanded

48. Plaintiff is entitled to recover from Defendants, individually and/or jointly, her unpaid overtime wages, spread of hours wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

49. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

51. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff her unpaid overtime wages, (FLSA and NYMWA), and spread of hours wages, as required under NY Labor Law § 190 et seq.

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

8

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

### Relief Demanded

54. Plaintiff is entitled to recover from Defendants, individually and/or jointly, her entire unpaid wages, including her unpaid overtime wages (FLSA and NYMWA), and wage deductions, spread of hours wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

56. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

57. As to the **Second Cause of Action**, award Plaintiff her unpaid overtimes, spread of hours wages, wage deductions, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

58. As to the **Third Cause of Action**, award Plaintiff, her unpaid wages including her entire unpaid wages, including her unpaid overtime wages, (FLSA and NYMWA), spread of hours wages, wage deductions, liquidated damages, prejudgment interest, maximum recovery for

9

violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

59. Award Plaintiff prejudgement interest on all monies due;

60. Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

61. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
          **August 31, 2024**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF